(89 App. Div. 82.)

BLACKBURN v. AMERICAN NEWS CO.

(Supreme Court, Appellate Division, First Department. December 24, 1903.)

**1. COMPLAINT—AMENDMENT—EXCUSE FOR DELAY**
    Plaintiff alleged that defendant was a corporation. Summons was
    served February 24, 1900, on a person whom plaintiff's attorney, who
    accompanied the process server, understood to be defendant's president.
    On February 27, 1901, plaintiff's attorney learned that defendant was a
    joint-stock company, but, still believing that service was had on its
    president, made no motion to amend the summons and complaint. In
    May 1903, while examining the answer, plaintiff's attorney discovered
    that service had been made on defendant's secretary. He thereupon re-
    quested defendant's attorney to allow an amendment, which was refused
    on the ground that the attorney had ceased to represent defendant, and
    that a new attorney had been appointed by it, though no order of sub-
    stitution had been served. Plaintiff's attorney waited until such notice
    should be given him, until he was informed that the substituted attorney
    would not apply for an order of substitution. Plaintiff then moved for
    leave to amend the complaint. *Held*, that his delay was sufficiently ex-
    cused.
    Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Wilding Blackburn against the American News Company. From an order denying plaintiff's motion to amend his complaint, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Eugene D. Hawkins, for appellant.

Francis B. Sanford, for respondent.

PATTERSON, J. This is an appeal from an order denying a motion of the plaintiff to amend his complaint. The action was to recover damages for personal injuries, and was brought in February, 1900. In March of that year, the defendant gave a general notice of appearance, and demanded service of the complaint, which was made some time after November 15, 1900. The defendant interposed a verified answer in February, 1901, and in that answer pleaded to the merits, and set up affirmative defenses.

The action was brought against a corporation, the allegation of the complaint in that behalf being, "That the defendant is a corporation duly created and organized under the Laws of the state of New York, and has its principal place of business in the city of New York." The first sentence of the answer is as follows: "The defendant denies all and each and every allegation and statement in said complaint contained, except that defendant admits that the American News Company" transacted and carried on business at the place stated in the complaint.

Under the form of denial in the answer, it would not be necessary for the plaintiff to prove at the trial the corporate character of the defendant; there being no affirmative allegation in the answer that the defendant is not a corporation. Section 1776, Code Civ. Proc. In October, 1903, the plaintiff moved to amend the complaint alleging that it had been discovered that the defendant was not a corporation, but a joint-stock company; and he sought to have the allegation of the complaint changed, evidently to meet the suggestion that section 1776 relates only to the burden of proof. An excuse for the delay in moving is shown by affidavit, but it was deemed insufficient by the Court at Special Term, and the motion was denied on the ground of laches.

The delay in moving seems to have been great, when dates alone are regarded, but, in view of all the circumstances of the case, we think a sufficient excuse was given. The summons was served on the 24th of February, 1900, and the process server was directed to make service on Solomon W. Johnson, the president of the defendant. The attorney for the plaintiff accompanied the process server, and swears that he understood the person upon whom the service was made to say that he was Mr. Johnson. That service, if actually made on the president of the defendant, would be sufficient, whether the defendant was a corporation or a joint-stock company. It was not until February 27, 1901, that the plaintiff's attorney learned that the defendant was a joint-stock company; and no motion to amend the summons and complaint was made then for the reason that the at-

torney still believed that the service had been made upon the president, and that therefore the plaintiff would not be prejudiced by the simple misdescription of the defendant as a corporation. It was only in May, 1903, when examining the answer to prepare the case for trial, that the attorney for the plaintiff discovered that the verification was made by the secretary, who swore that he was the person on whom the summons had been served. Thereupon the plaintiff's attorney communicated with Mr. Carley, the attorney who appeared for the defendant, and requested that an amendment be allowed, which was declined on the ground that that gentleman had ceased to be the attorney, and that a new attorney (Mr. Sanford) had been substituted, but no order of substitution had been served. Mr. Carley having thus stated that he had ceased to be the attorney for the company, the plaintiff's attorney evidently waited until a notice of substitution should be served upon him; but, just before this motion was made, he was informed by Mr. Sanford, the substituted attorney, that the latter would not apply to the court for an order of substitution.

Under such circumstances, we think the delay in moving is reasonably excused, and that the order appealed from should be reversed, with $10 costs and disbursements, and that the motion to amend the summons and amended complaint should be granted upon the payment of $10 costs of the motion. All concur, except VAN BRUNT, P. J., and McLAUGHLIN, J., who dissent.